CHARLES A. RUSK, ANNA R. BAIRSTOW, AND JOHN A. RUSK, EXECUTORS, ESTATE OF MARGARET RUSK, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33095.  Promulgated June 25, 1930.

*J. E. Hughes, Esq.,* for the petitioners.
*R. S. Scott, Esq.,* and *E. M. Neiss, Esq.,* for the respondent.

140

[REDACTED]

OPINION.

McMAHON: The question to be decided is whether the respondent erred in including in the taxable income of Margaret Rusk for the year 1923 an amount of $147,295.48 as the gain derived by her upon the sale in that year of certain property located in Chicago, Ill., which had been given to her by her husband prior to March 1, 1913.

Section 202 of the Revenue Act of 1921 provides:

(a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired

after February 28, 1913, shall be the cost of such property; except [exceptions not material]

(b) The basis for ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, acquired before March 1, 1913, shall be the same as that provided by subdivision (a); but—

(1) If its fair market price or value as of March 1, 1913, is in excess of such basis, the gain to be included in the gross income shall be the excess of the amount realized therefor over such fair market price or value;

\* \* \* \* \* \* \*

(c) For the purposes of this title, on an exchange of property, real, personal or mixed, for any other such property, no gain or loss shall be recognized unless the property received in exchange has a readily realizable market value; but even if the property received in exchange has a readily realizable market value, no gain or loss shall be recognized—

(1) When any such property held for investment, or for productive use in trade or business (not including stock-in-trade or other property held primarily for sale), is exchanged for property of a like kind or use;

\* \* \* \* \* \* \*

(e) Where property is exchanged for other property which has no readily realizable market value, together with money or other property which has a readily realizable market value, then the money or the fair market value of the property having such readily realizable market value received in exchange shall be applied against and reduce the basis, provided in this section, of the property exchanged, and if in excess of such basis, shall be taxable to the extent of the excess; but when property is exchanged for property specified in paragraphs (1), (2), and (3) of subdivision (c) as received in exchange, together with money or other property of a readily realizable market value other than that specified in such paragraphs, the money or the fair market value of such other property received in exchange shall be applied against and reduce the basis, provided in this section, of the property exchanged, and if in excess of such basis, shall be taxable to the extent of the excess.

The respondent found that the property on March 1, 1913, had a value of $100,000. The petitioners contend that the March 1, 1913, value of this property was $200,000. A witness, Edmund Abrahamson, called by the respondent testified that the land alone had a value on March 1, 1913, of about $87,000 to $90,000 and that the buildings thereon had a value on March 1, 1913, of $9,600 to $10,000. This witness has for many years been engaged in the real estate business in the neighborhood in which the property in question was located, and was well qualified to testify as to the value of this property. From all the evidence presented to us, we believe and have found as a fact, that the March 1, 1913, value of the property was not greater than $100,000.

The agreed selling price of the property was $250,000. In 1923 the purchaser of the property, Jacob Horwitz, who, so far as we can determine from the confused state of the testimony, was acting on behalf of himself and his partner, Norman Peters, paid to Margaret Rusk a total of $150,000 in cash, and notes in the amount of $100,000.

These notes were signed by Jacob Horwitz and his wife, and Margaret Rusk was given a mortgage upon the north 225 feet of the property as collateral to the notes. The mortgage was signed by Jacob Horwitz and his wife.

It is the contention of the petitioners that these notes received in 1923 had no readily realizable market value during that year and that they are, therefore, not to be considered in the computation of gain derived in the year 1923 by Margaret Rusk upon the sale of the property.

Jacob Horwitz testified that neither the notes totaling $220,000 executed in January, 1923, nor the notes totaling $100,000 executed in June, 1923, had any readily realizable market value, because neither he nor his wife had tangible assets or cash which could be levied upon for collection of the notes and because the land was not sufficient security. However, the burden of proof in this proceeding is upon the petitioners and it is our opinion that they have not shown that these notes did not have a readily realizable market value. Nor can we determine from the meager evidence before us the real value of the notes. The witness' testimony as to whether the notes had a readily realizable market value has been considered, but we are not convinced by it.

The petitioners contend that the transaction in June, 1923, whereby the notes of Horwitz and his wife in the amount of $220,000 were exchanged by Margaret Rusk for their notes for $100,000 and for cash in the amount of $120,000, was such a transaction as is contemplated by section 202 (c) (1) or 202 (e) of the Revenue Act of 1921.

It is the contention of the petitioners that notes are investment property, and that, even if the notes for $100,000 which were received by Margaret Rusk in 1923 did have a readily realizable market value, they would not enter into the calculation of gain derived because they were exchanged together with $120,000 in cash, for other notes in the amount of $220,000. Petitioner relies upon *Richard T. Greene*, 15 B. T. A. 401. In that case we were dealing with an exchange, by trustees, of shares of stock for Federal, State, municipal and railway bonds. All these securities were held for the investment purposes of a trust. In the instant proceeding, the exchange in question amounted to no more than a refinancing of the original deal, as a result of which Margaret Rusk received payment for $120,000 of the original notes. Margaret Rusk certainly was not holding the notes for investment or for productive use in trade or business. We are of the opinion that this contention of the petitioner is without merit.

It follows that the respondent's determination of the taxable gain derived by Margaret Rusk upon the sale in 1923 must be approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*